UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY P. BERTELSEN and AMY L. BERTELSEN, husband and wife, and the marital comunity comprised thereof; BERTELSEN FOOD & GAS, INC., a Washington corporation; and DR. RICHARD BERTELSEN and JANIS JO BERTELSEN, husband and wife, and the marital community comprised thereof,<br><br>    Plaintiffs,<br><br> -vs-<br><br>ROGER K. HARRIS; ROGER K. HARRIS, PC, an Oregon Professional Services Corporation; HARRIS BERNE CHRISTENSEN, LLP, an Oregon Limited Liability Partnership; and RONALD E. McPHERSON,<br><br>    Defendants. | NO.  CV-04-5135-LRS<br><br>PROTECTIVE ORDER |

  On October 19, 2005, the parties in the above referenced matter filed a stipulation to the entry of a protective order (Ct. Rec. 23). The Court interprets this pleading as a joint motion for the entry of a protective order.  Good cause appearing, the Court hereby GRANTS said motion and pursuant to the stipulation of the parties enters the following protective order:

ORDER - 1

# I. PROCEDURES AND DEFINITIONS

**1. Confidential Information.**

A producing party, including the parties to this litigation and any third-party discovery respondent, may designate as "Confidential", by stamping or other appropriate means, any document, thing, material or testimony that the producing party in good faith believes contains or reveals confidential, sensitive, proprietary, commercial or financial information ("Confidential Information").

**2. Access to Confidential Information.**

Confidential Information so designated, and information derived therefrom, will not be disclosed to or used by anyone except the following persons, and by these persons solely for purposes of this litigation.

    a. The parties and their officers, directors, employees and representatives who have need for such information for purposes of this litigation;

    b. Designated legal counsel for the receiving party in this litigation and their respective legal assistants and stenographic and clerical staff, as well as outside copying, graphic and computer personnel performing services in conjunction with the litigation;

    c. Outside experts and consultants retained by any of the parties who have a need for such information to assist in this litigation, so long as:

        (I) The conditions set forth in ¶6 below have been satisfied;

        (ii) Said outside expert or consultant is not an officer, director, shareholder, employee or agent of a competitor to either party;

    d. During deposition, to any deposition witness where necessary to the testimony of such witness;

  e. The Court, jury, court personnel, court reporters, and similar personnel; or

  f. Any other person with the prior written consent of the designating party.

**3. <u>Prior Knowledge</u>.**

Nothing herein shall restrict any individual from reviewing any Confidential Information that he or she has previously authored, received or reviewed.

**II. <u>CONSENT TO BE BOUND</u>**

**4. <u>Non-Disclosure Certificate</u>.**

Prior to receiving, being shown or using Confidential Information, persons falling in the categories set forth in ¶2 above, other than those listed in ¶2(e), shall be informed of the existence of this Stipulation and Protective Order, be provided with a copy thereof and be instructed that such matter may not be used other than in connection with this litigation and may not be disclosed to anyone other than those persons covered by this Stipulation and Order.

Each individual, except counsel and counsel's stenographic and clerical staff, and outside litigation services personnel to whom Confidential Information is to be disclosed as provided for in ¶2 above, and other than those listed in ¶2(e) above, shall, prior to such disclosure, acknowledge in writing in the form of the acknowledgment attached hereto as Exhibit A (the "Acknowledgment") that he or she has

ORDER - 3

been informed or and agrees to be bound by this Stipulation and Protective Order.  For persons listed in ¶2(d) above, acknowledgment of this Stipulation and Protective Order and agreement to be bound by its terms may be mad verbally on the record during the deposition.  Counsel for the party providing the designated matter to such individual shall retain the original of all such Acknowledgments.  It shall be the obligation of such party and its counsel to obtain such Acknowledgments prior to any disclosure of Confidential Information, and to retain them until the conclusion of this litigation.  Counsel shall furthermore assure that their stenographic, clerical staff and outside litigation services personnel complies with the terms of this Stipulation and Protective Order.

**5.     Use at Depositions.**

Confidential Information, and all information contained derived therefrom, may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this Stipulation and Protective Order.  Any Confidential documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits.  When a party uses or refers to Confidential documents or information at a deposition, the portion of the deposition transcript that relates to such documents or information shall be stamped Confidential and sealed separately from the remainder of the transcript, and shall be treated as Confidential under the provisions of this Order.

ORDER - 4

**6.    Designating Portions of Deposition Transcripts Confidential.**

Any party or nonparty deponent may, within 15 days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as being Confidential. At the deposition, the parties will attempt in good faith preliminarily to identify and designate Confidential testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or to withdraw such designation after receipt of the transcript. Confidentiality designations of deposition testimony or exhibits may be made by stamping the exhibits Confidential or by underlining the portions of the pages that are so designated and stamping such pages Confidential. Until expiration of the 15-day period, the entire deposition transcript, all exhibits thereto, shall be treated as Confidential under the provisions of this Order. If no party or nonparty deponent asserts a timely confidentiality designation regarding testimony or exhibits from a deposition, none of the deposition testimony or exhibits will be treated as confidential. If a timely confidentiality designation is made, the designated testimony and exhibits shall be sealed separately from the testimony and exhibits so marked, and shall be treated as confidential under the provisions of this Order.

**7.    Use During Motions Practice.**

In the event that a party wishes to use any Confidential Information in the affidavits, briefs, memoranda or other papers filed with the Court in this action, such filings shall be enclosed in a sealed envelope or

other appropriate container designating the confidential nature of the contents. Such Confidential Information used therein shall be maintained under seal by the Clerk of the Court.

### III.  CHALLENGE TO DESIGNATIONS

**8.  Notification and Challenge.**

If any of the parties challenges any confidentiality designation, that party shall notify all parties and, if the designation is by a nonparty, such nonparty, each of whom shall thereafter engage in good faith discussions to resolve any challenge to confidentiality designations. If, after such good-faith discussions and no sooner than five days after providing notice, any dispute regarding confidentiality designations has not been resolved, the challenging party may move the Court for an order permitting disclosure under a lesser or no confidentiality designation. All interest parties shall make best efforts to resolve such disagreements as to confidentiality before submitting them to the Court.

**9.  Effect on Restriction.**

If a motion is filed challenging any confidentiality designation, the provisions of this Stipulation and Protective Order shall apply to the Confidential Information until the motion is decided.

### IV.  OTHER PROVISIONS

**10.  Use by Producing Party.**

Nothing in this stipulation and Protective Order shall prevent or

ORDER - 6

limit any of the parties from using or disclosing its own Confidential Information for any purpose.

**11. Filing Under Seal.**

All documents filed with the Court that contain Confidential Information shall be filed under seal.

**12. Use in Court.**

In the event that any Confidential Information is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such matter shall take all steps reasonably available to protect its confidentiality during such use.

**13. No Admission or Waiver.**

This Stipulation and Protective Order is entered into solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Stipulation and Protective Order or the production of any information, thing, material or document under the terms of this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or of altering any existing obligation of any party in the absence thereof.

The inadvertent or unintentional disclosure by the producing part of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the claim of confidentiality either as to the

specific information disclosed or as to any other information relating thereto or on the same related subject matter.

**14.    Notice of Request.**

If a person or entity in any proceeding other than this action serves on a party hereto a governmental demand (*e.g.* subpoena duces tecum or document request) for Confidential Information, the recipient of the demand shall immediately notify the applicable producing (or otherwise designating) party(ies) and shall notify the requesting party that such materials are covered by this Stipulation and Protective Order.  If any producing or designating party objects to the disclosure of its Confidential Information, then within ten (10) days of receiving such notice, but no more than two (2) business days prior to the date for compliance under the governmental demand, the objecting party shall advise the subpoenaed party of its objection to disclosure.  The subpoenaed party will then provide the notice required by the applicable civil rules.  If timely notice is not received from the producing party, then the subpoenaed party shall be free to make the disclosure.  If timely objection is made, then the objecting party shall have the burden of moving ore responding to any appropriate demands for relief and will hold the subpoenaed party harmless for any costs or fees incurred as a result of this provision.  In such cases, the subpoenaed party shall not make any disclosure until directed otherwise by the applicable court or other valid order, and nothing herein shall require any party to violate the terms of the facially valid order.

**15. <u>Application to Court</u>.**

This Stipulation and Protective Order is without prejudice to the right of any interested party to apply to the Court for an order permitting the disclosure of any Confidential Information or to apply for an order modifying or limiting this Stipulation and Protective Order in any respect.

**16. <u>Trial Use</u>.**

The parties hereto agree to negotiate in good faith to preserve confidentiality matters at trial.

**17. <u>Return of Documents</u>.**

Upon completion of the litigation and if requested by the producing party, the original and all copies of all documents produced during discovery, all interrogatory answers, and all deposition transcripts containing Confidential Information shall be returned to counsel for the producing party or destroyed, with the non-producing parties to provide to counsel for the producing party a certificate reflecting such disposition.

**18. <u>Survival</u>.**

This Stipulation and Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Information disclosed hereunder.

///

///

ORDER - 9

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 20th day of October, 2005.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 10

**EXHIBIT A**

**ACKNOWLEDGMENT**

I certify my understanding that access to confidential documents and/or materials is provided to me pursuant to the terms and restrictions of a Stipulation and Protective Order among the parties to the action *Jeffrey P. Bertelsen, et al v. Roger K. Harris, et al*, U.S District Court, Eastern District, Cause No. CV-04-5135-LRS, dated _____, 2005, and that I have been given a copy of, and have read, the Stipulation and Protective Order and agree to be bound by its terms.  I understand that the contents of the Confidential documents and/or other materials, and any notes or other memoranda or any other forms of information which copy or disclose the Confidential documents and/or materials, shall not be disclosed to anyone other than in accordance with that Stipulation and Protective Order and shall be used only for the purposes set forth therein.

I agree to be subject to the jurisdiction of the Superior Court of Washington for King County for purposes of enforcement of this Acknowledgment and the Stipulation and Protective Order.

DATED: _____

_____
(Print Name)

ORDER - 11