UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY P. BERTELSEN and AMY L. BERTELSEN, husband and wife, and the marital comunity comprised thereof; BERTELSEN FOOD & GAS, INC., a Washington corporation; and DR. RICHARD BERTELSEN and JANIS JO BERTELSEN, husband and wife, and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>-vs-<br><br>ROGER K. HARRIS; ROGER K. HARRIS, PC, an Oregon Professional Services Corporation; HARRIS BERNE CHRISTENSEN, LLP, an Oregon Limited Liability Partnership; and RONALD E. McPHERSON,<br><br>Defendants. | NO. CV-04-5135-LRS<br><br>SUPPLEMENTAL MEMORANDUM OPINION |

Plaintiffs' claim for reimbursement to Dr. Richard Bertelsen of $40,188 from the proceeds of sale of the Hat Rock real property is respectfully denied for the following reasons:

1.  The obligation to reimburse Dr. Richard Bertelsen from the proceeds of the above referenced sale, to the extent documented in the Harris to Bertelsen letter of 9/18/02 (Trial Exhibit 130) was an obligation to be assumed by Jeff and Amy Bertelsen who retained control

SUPPLEMENTAL MEMORANDUM OPINION - 1

of the Hat Rock property at all times material to this suit; Defendant Harris and his firm were terminated by Jeff and Amy Bertelsen from further representation on the Hat Rock sale in November 2002, some three (3) months before the closing which occurred at a title company in approximately February, 2003.

    2.  The "Tesoro Trust" (Exhibit 83) did not include nor anticipate the inclusion of the Hat Rock sale proceeds.

    3.  Any oral understanding or other promise by Defendant Harris to pay Dr. Bertelsen from the Hat Rock sale proceeds was dependent on the cooperation of Jeff and Amy Bertelsen and that fact is apparent from a reading of the 9/18/02 letter (Exhibit 130) which was received by Dr. and Mrs. Bertelsen.

    4.  The payment of $5,000 in attorney fees from the Hat Rock sale proceeds was approved incident to the closing thereof and the undersigned judicial officer has previously concluded that no basis exists to order disgorgement.

The foregoing opinion supplements the oral ruling of the Court read into the record on October 13, 2006.

**DATED** this 23rd day of October, 2006.

                              ***s/Lonny R. Suko***

                              LONNY R. SUKO
               UNITED STATES DISTRICT JUDGE